IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas Lee Goodwin, | ) |
| | ) Civil Action No. 2:18-cv-01656-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Andrew Saul, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The plaintiff, Thomas Lee Goodwin ("Goodwin"), brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court reverse the decision of the Commissioner and remand the case for further review. (ECF No. 15).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. The Commissioner filed objections to the Report. (ECF No. 17). Plaintiff replied to those objections. (ECF No. 20). The matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

Goodwin applied for DIB on July 25, 2013, alleging a disability onset date of May 13, 2007.[2] (ECF No. 6-2 at 13). His claim was denied both initially and on reconsideration by the Social Security Administration ("SSA"). *Id.* Goodwin then requested a hearing before an Administrative Law Judge ("ALJ"), and on July 7, 2014, the ALJ conducted a hearing on Goodwin's claim for DIB. *Id.* at 33–67. Goodwin was represented by a non-attorney representative at the hearing. *Id.* at 33. On July 30, 2014, the ALJ issued his decision finding that Goodwin was not disabled. *Id.* at 13 - 32. The Appeals Council denied Goodwin's request for review on November 3, 2014. *Id.* at 6–8.

On March 26, 2015,[3] Plaintiff filed a complaint in this court, seeking review of the ALJ's decision. *Goodwin v. Comm'r of Soc. Sec. Admin.*, No. 2:15-cv-01386-RBH-MGB, docket entry 1 (D.S.C. Mar. 26, 2015). On December 8, 2015, this court remanded Goodwin's case to the Appeals Council for further review. *Id.* at docket entry 15; (ECF No. 7-4 at 35–36). The Appeals Council vacated the final decision of the Commissioner and remanded the case to the ALJ for further proceedings. *Id.* at 5–6. The ALJ held additional hearings on July 12, 2016, and January 9, 2017, where Goodwin was represented by a non-attorney representative. (ECF No. 7-3 at 10). At the January 9th hearing, Goodwin amended his alleged onset date to September 28, 2008. *Id.* at 11, 54. Following the hearing, he amended his alleged onset date to November 5, 2010. *Id.*; (ECF No. 7-6 at 46). On April 4, 2017, the ALJ issued a second decision and again found that Goodwin was not disabled. (ECF No. 7-3 at 7–35).

---

[2] As noted by the magistrate judge (ECF No. 15 at 2), the Defendant mistakenly cites March 19, 2014, as the date on which Plaintiff submitted his DIB claim (ECF No. 11 at 2). Additionally, Goodwin later amended his alleged onset date to November 5, 2010. (ECF No. 7-6 at 46).

[3] The Report indicates that Plaintiff filed his initial federal court action on March 26, 2014. (ECF No. 15 at 2). However, the correct date is March 26, 2015. *See Goodwin v. Comm'r of Soc. Sec. Admin.*, No. 2:15-cv-01386-RBH-MGB, docket entry 1 (D.S.C. Mar. 26, 2015).

In his decision, the ALJ found Goodwin met the insured status requirements under the Act through December 31, 2013, and that Goodwin had not engaged in substantial gainful activity since November 5, 2010, the alleged onset date of disability. *Id.* at 13. The ALJ further determined that Goodwin suffered from the following severe impairments: degenerative disc disease, depressive disorder, plantar fasciitis, and migraine headaches. *Id*. In reviewing all of Goodwin's impairments, the ALJ concluded that he did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 14. Additionally, the ALJ calculated Goodwin's residual functional capacity ("RFC") and determined that he could perform simple, routine tasks at the light exertional level as defined in 20 C.F.R. § 404.1567(b), with various limitations.[4] *Id.* at 14–15. Because of these limitations, the ALJ determined that Goodwin is unable to perform his past relevant work as a maintenance repairer, building (medium, skilled), and fire control equipment repairer mechanic (medium, skilled). *Id.* at 28. However, the ALJ determined that based on Goodwin's age, education, work experience, and RFC calculation, there were "jobs that existed in significant numbers in the national economy that [he] could have performed." *Id.* at 29. Accordingly, the ALJ concluded that Coleman was not disabled as defined in the Act. *Id.* at 30.

Goodwin subsequently appealed to the Appeals Council, and the Appeals Council denied

---

[4] Specifically, the ALJ concluded that Goodwin cannot climb ladders, ropes or scaffolds; cannot kneel or crawl; cannot be exposed to large crowds or be required to interact with the general public or with the public as customers; cannot interact with more than a small group of co-workers; cannot be exposed to loud background noise; cannot have concentrated exposure to harsh environmental irritants, unprotected heights, or dangerous machinery; cannot be required to exert more than occasional pushing or pulling of the legs, overhead reaching with both arms, stooping, crouching, balancing, or climbing of ramps or stairs. (ECF No. 7-3 at 14 – 15). Furthermore, the ALJ noted that Goodwin should work indoors, in a temperature-controlled environment and that his work must permit him to alternate between sitting and standing at thirty-five to forty-five minute intervals. *Id.* The ALJ determined that Goodwin's "mental limitations resulted from a combination of the claimant's mental impairment, pain, and reported medication side effects." *Id.*

Goodwin's request for review, making the ALJ's decision the Commissioner's final decision for judicial review purposes. (ECF No. 7-3 at 2–5). This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In his Report, the magistrate judge recommends that the decision of the Commissioner be reversed and remanded for further consideration. (ECF No. 15). The Commissioner objects to the magistrate judge's determination that there was an apparent conflict between "simple, routine

tasks" and a General Educational Development ("GED") reasoning level of 2. (ECF No. 17). Specifically, the Commissioner asserts that the magistrate judge erred in relying on *Henderson v. Colvin*, 643 Fed. App'x 273 (4th Cir. 2015), and that decisions from outside of this district have found there to be no such apparent conflict. *Id.*

In considering an application for disability benefits, an ALJ uses a five-step process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4). At Step Five of this sequential process, the ALJ "considers the claimant's age, education, work experience, and residual functional capacity to decide whether he can perform alternative work that exists in significant numbers in the national economy." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). While the claimant bears the burden of proof as to the first four steps in the process, at this fifth and final step, the burden is on the Commissioner to prove that the claimant can perform alternate work. *Id.* At this step in the process, the ALJ relies primarily on the Dictionary of Occupational Titles ("DOT"), though the ALJ may also rely on a vocational expert ("VE") "to address complex aspects of the employment determination, including the [VE]'s observations of what a particular job requires." *Id.* However, the ALJ must "inquire, on the record" whether the VE testimony conflicts with the DOT. *Id.* (citations omitted). The ALJ must then "elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, at *2.

Nonetheless, an ALJ has not fulfilled his affirmative duty "merely because the VE responds 'yes' when asked if [his] testimony is consistent with the [DOT]." *Pearson*, 810 F.3d at 208. Instead, the ALJ must independently identify any apparent conflicts between the VE testimony and the DOT. *Id.* at 209. This apparent conflict standard "embraces the reality that, in many case, testimony may only appear to conflict with the [DOT], and the [VE] may be able to

5

explain that, in fact, no conflict exists." *Id.* However, if the ALJ does not illicit an explanation as to an apparent conflict, "then the [VE's] testimony cannot provide substantial evidence to support the ALJ's decision." *Id.*

In this case, at the January 2017 hearing, the ALJ provided the following hypothetical to the VE:

> For this hypothetical, lifting at the light level with the ability only occasionally [to] push or pull with the lower extremities, needs to alternate sitting and standing at say 35 to 45 minute intervals, no ladders, ropes or scaffolds, shouldn't be involved in kneeling or crawling, can on occasion climb ramps and stairs, balance, stoop and crouch, occasionally reach overhead, bilateral, no work involving loud background noise, avoid concentrated exposure to harsh environmental irritants. Best if this person could work indoors, temperature controlled where he doesn't have to work around heights or dangerous machinery and where the work activity can be routine and simple in nature, where he doesn't have to work in large crowds or he can work alone in a small group. And, or he doesn't have to engage in the public as customers.

(ECF Nos. 7-3 at 72; 15 at 6). The VE testified that such limitations would rule out Goodwin's past relevant work. (ECF No. 7-3 at 72). The ALJ then inquired if there was "other work existing in the regional or national economies for that person with those limitations," and the VE responded that there were. *Id.* at 73. Specifically, the VE noted that someone with those limitations could perform the light, unskilled work of being a small parts assembler (DOT number 706.684-022) or a stock checker (DOT number 299.667-014). *Id.* The ALJ then asked if this was "consistent with DOT other than what, overhead's a problem?" *Id.* at 73. The VE testified that it was. *Id.* at 74. The ALJ made no further inquiry.

In his brief to this court, Goodwin argued that an apparent conflict exists between the jobs identified by the VE as being able to be performed by someone with Goodwin's RFC and the requirements for those jobs under the DOT. (ECF No. 9 at 31–32). Specifically, Goodwin noted that pursuant to the DOT, the two jobs identified by the VE have a GED Reasoning level

of 2, which requires that the claimant be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written and oral instructions" and that this definition conflicts with the ALJ's RFC assessment limiting Goodwin to simple, routine tasks. *Id.*

The magistrate judge agreed and determined that the ALJ "failed to identify and obtain a reasonable explanation for the apparent conflict between the jobs identified by the [VE] . . . and the requirements for those jobs in the DOT," and that, therefore, the "ALJ's determination at Step Five that [Goodwin] was capable as working as a small parts assembler or stock checker was not supported by substantial evidence." (ECF No. 15 at 6). In reaching this determination, the magistrate judge noted that the Fourth Circuit "has yet to publish a case expressly addressing this specific limitation," but the magistrate judge found *Henderson* instructive. (ECF No. 15 at 9). Furthermore, the magistrate judge acknowledged that there was authority from other district courts that conflicted with the magistrate judge's decision. *Id.* at 10. However, the magistrate judge noted that "it has been the practice *in this District* since Henderson to remand based on a apparent conflict," *id.* (citing *Taylor v. Berryhill*, No. 0:17-cv-3419-CMC, 2019 WL 1397187, at *3 (D.S.C. Mar. 28, 2019)), and that "this Court has consistently found an apparent conflict between RFC limitations of 'simple, routine, and repetitive tasks' and jobs requiring a GED Reasoning Level 2, and remanded such cases to resolve this conflict," *id.* (collecting cases).

The Commissioner filed objections to the Report, contending that the magistrate judge erred in determining that there was an apparent conflict between "simple, routine tasks" and a GED Reasoning Level of 2. (ECF No. 17). Specifically, the Commissioner asserts that the magistrate judge erred in relying on *Henderson* and that decisions from outside of this district have found there to be no such apparent conflict. *Id.*

As a preliminary matter, the court is concerned that the ALJ specifically asked the VE if

7

the proposed alternative work of which she testified was "consistent with DOT *other than* what, overhead's a problem?" (ECF No. 7-3 at 73) (emphasis added). There was no further explanation as to what the ALJ meant by "other than, what, overhead's a problem," and the VE simply stated "yes." *Id.* at 74. Nonetheless, it is clear that the ALJ recognized *some* inconsistency with the VE testimony and DOT definitions, and with no further inquiry or explanation as to what that inconsistency entailed, the ALJ failed to perform his affirmative duty as set forth in *Pearson*.

Additionally, the court agrees with the magistrate judge's determination that the VE's inclusion of jobs with GED Reasoning Level 2, which requires the "ability to understand detailed instructions," created an apparent conflict with the RFC assessment limiting Goodwin to "simple, routine tasks." The Commissioner is correct that *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) further reiterated the holding in *Pearson* that the ALJ must recognize and resolve any apparent conflicts with the "express language" of the DOT and the VE testimony. (ECF No. 17 at 4–5). While the Commissioner attempts to distinguish this case from *Henderson*, which involved a conflict between an RFC limitation of "performing simple one-to-two step tasks" and a GED Reasoning Level 2, and this case, which involved "simple, routine work" and GED Reasoning Level 2, the court is unpersuaded that this distinction changes the analysis. *See Iliescu v. Berryhill*, No. 4:17-cv-1067-PMD-TER, 2018 WL 3133374, at *4 (D.S.C. Feb. 14, 2018) (finding that the Commissioner's argument that *Henderson* only applies to a limitation of "simple one-to-two step tasks" and not an RFC assessment of "simple, routine work" to be a "distinction without a difference"). In fact, since *Pearson* and *Henderson*, while there seems to exist a split among the courts in the Fourth Circuit regarding whether or not a finding by a VE that a person is limited to simple, routine work conflicts with also finding that a person is capable for work at GED Reasoning Level 2, it appears to be the practice *in this district* that when the

8

ALJ failed to inquire as to this issue, the case is remanded for further administrative proceedings. *See, e.g., Stevenson v. Berryhill*, No. 8:18-cv-01091-JMC-JDA, 2019 WL 2146990, at *8 (D.S.C. Apr. 11, 2019) (collecting cases), *adopted by* 2019 WL 1856481 (D.S.C. Apr. 25, 2019); *Foggie v. Berryhill*, No. 8:17-cv-03349-RBH-JDA, 2019 WL 943662, at *8 (D.S.C. Jan. 29, 2019) (collecting cases), adopted by 2019 WL 935184 (D.S.C. Feb. 25, 2019); *Abstance v. Berryhill*, No. 9:18-cv-109-RMG, 2019 WL 669788, at *3 (D.S.C. Feb. 19, 2019) (stating that a similar RFC assessment raised a "legitimate question" as to whether the claimant could perform jobs requiring GED Reasoning Level 2); *Iliescu*, 2018 WL 5043908, at *8 (collecting cases).[5]

Accordingly, given the limitations of the RFC in this case, as well as the record, including the hearing testimony, this court cannot say with certainty whether substantial evidence exists in the record to support the ALJ's decision. The ALJ's questioning of the VE as to whether her testimony was consistent with the DOT did not absolve the ALJ of his independent duty to determine if there was an apparent conflict and inquire further. *Pearson*, 810 F.3d at 208–09. Therefore, the court finds it prudent to remand this case back to the Commissioner for further administrative review. This opinion should not be construed to say that an *actual* conflict exists between the simple, routine work limitation and the occupations requiring a GED Reasoning Level 2. Furthermore, this opinion should not be construed as a

---

[5] The court notes that in his brief, the Commissioner cited to *Iliescu v. Berryhill*, 4:17-cv-1067-BHH, 2018 WL 5043908, at *2 (D.S.C. Oct. 17, 2018), and argued that "Judge Hendricks found that the Commissioner's position that no conflict existed between a limitation to simple routine work and the performance of jobs with a reasoning level of two was substantially justified." In fact, in *Iliescu*, 2018 WL 5043908, Judge Hendricks actually determined that based on the ALJ's failure to obtain VE testimony in compliance with SSR 00-4p, she could not conduct a proper review, and, therefore, remanded the case for further administrative review. The opinion that Defendant has cited in is brief pertained specifically to whether attorney's fees under the Equal Access to Justice Act ("EAJA") were appropriate. Judge Hendricks ultimately determined that EAJA fees were not appropriate because "although courts within this district appear to be mostly in agreement as to the application of *Henderson* to those cases concerning level two and simple, routine, and repetitive tasks, the fact remains that the law of the circuit on this issue is not settled, and the court ultimately finds that 'a reasonable person could think the Commissioner's position correct.'" Iliescu, 2018 WL 5043908, at *2. However, contrary to what the Commissioner contended in his brief, Judge Hendricks did not determine in that case that the Commissioner's decision was substantially justified, and, therefore, this opinion does not conflict with Judge Hendricks's findings there.

determination that Goodwin cannot perform the identified occupations. Instead, this court decides only that an apparent conflict exists between the VE testimony and the DOT and that the ALJ failed to resolve this apparent conflict.[6]

**CONCLUSION**

Having conducted the required *de novo* review of the issues to which the Commissioner has objected, the court adopts the Report (ECF No. 15) and incorporates it herein by reference. Because the court is unable to determine if substantial evidence supports the decision of the Commissioner, the Commissioner's final decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further review consistent with this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
August 19, 2019

---

[6] Because the court finds remand appropriate as to this issue, the court declines to address Goodwin's other allegations of error. However, on remand, the Commissioner should take into consideration Goodwin's other allegations of error: (1) that the ALJ failed to adequately address the Veteran Administration's disability rating; (2) that the ALJ failed to evaluate the opinion of Nurse Practioner Stouffer; (3) that the ALJ did not explain his findings as to the RFC as required by SSR 96-8p; and (4) that the ALJ erred in evaluating Goodwin's subjective symptomology. (ECF No. 9).